IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00081-RM-STV

ROSA CALDERA, and
LUIS FERNANDO LUNA,

    Plaintiffs,

v.

ETHICON, INC., and
JOHNSON & JOHNSON,

    Defendants.

---

## ORDER

---

This matter is before the Court on the parties' Joint Status Report ("Joint Report") (ECF No. 54) filed after this case was transferred from the Ethicon MDL.  Upon consideration of the Joint Report, relevant parts of the record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows:

**I.    DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 23)**

Defendants move for summary judgment (the "Motion") (ECF No. 23) on Counts II, III, IV, VI, VII, VIII, IX, XI, XII, XIII, XIV, and XV (collectively, the "12 Counts") of Plaintiffs' Complaint (ECF No. 1).  Plaintiffs' response (ECF No. 25), repeated in the Joint Report, affirmatively states they are not pursuing the 12 Counts and, accordingly, assert Defendants' Motion should be dismissed as moot.  Defendants, however, argue the Motion should be granted or, alternatively, Plaintiffs should voluntarily dismiss such claims.

Upon consideration of the matter, and to promote the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court construes Plaintiffs' representations as an unopposed request to dismiss the 12 Counts and, accordingly, they are dismissed. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1888-89 (2016) (noting a district court's "inherent power" to "manage its docket and courtroom with a view toward the efficient and expedient resolution of cases"). The remaining Counts are: Count I (Negligence); V (Strict Liability – Designed Defect); Count X (Negligent Infliction of Emotional Distress); Count XVI (Loss of Consortium); XVII (Punitive Damages); and Count XVIII (Discovery Rule and Tolling). With the dismissal of the 12 Counts, Defendants' Motion is denied as moot.

## II. THE *DAUBERT* MOTIONS

The Ethicon MDL proceeded in various discovery waves ("Waves"). Plaintiffs' case proceeded as Wave 8. Certain *Daubert* motions of Defendants concerning four experts (identified below) were fully briefed as part of earlier Waves and the MDL Court issued certain Memorandum Opinions and Orders (collectively, "MDL Orders") concerning those motions filed in the earlier Waves. The parties in this case adopted some of those motions filed in earlier Waves but the MDL Court did not issue any order adopting the prior rulings in this Wave 8 case.

Based on the Joint Report, the *Daubert* issues before the Court are two-fold. First, whether this Court should adopt those prior MDL Orders as to the *Daubert* motions which are currently pending. Second, even if the Court adopts those prior MDL Orders, are there any remaining issues raised in such motions specific to this case which requires resolution before trial.

***Adoption of the MDL Orders.***  The parties acknowledge the MDL Court entered the MDL Orders in prior Waves on the same motions regarding the experts at issue.  Defendants' position is that if this Court were to adopt those MDL Orders here, they wish to preserve their objections to those MDL Orders to the extent their request to exclude testimony was denied.  Plaintiffs request the Court to enter an order adopting the MDL Court's prior rulings with respect to *both* parties' *Daubert* motions,[1] while allowing the parties to preserve their previous objections for appellate purposes.  The Court agrees with Plaintiffs.

The Court has reviewed the *Daubert* motions Defendants raise in the Joint Report along with the MDL Court's various orders, including those adopting its previous orders.  As the *Daubert* motions in Wave 8 incorporate or adopt motions filed in prior Waves, which motions the MDL Court has ably addressed, the Court finds the adoption of the prior MDL Orders is appropriate and best serves Rule 1 of the Federal Rules of Civil Procedure.  Accordingly, the Court hereby adopts the MDL Court's prior orders as they relate to the parties' pending *Daubert* Motions.

***Defendants' Daubert Motions.***  Defendants' *Daubert* motions and the corresponding MDL Orders which the Court adopts are as follows:

(1) Dr. Vladimir Iakovlev:

- Wave 8 Motion to Exclude opinions and testimony of Dr. Vladimir Iakovlev (ECF Nos. 34-12, 34-15);
- Wave 1 Order on Dr. Iakovlev (MDL Dkt. 2710); and
- Wave 4 Order (adopting Wave 1 Order) on Dr. Iakovlev (MDL Dkt. 6388);

---

[1] Defendants did not challenge Plaintiffs' position that the Court should adopt the MDL Court's prior orders as to Plaintiffs' pending *Daubert* motions.

(2) Dr. Med. Uwe Klinge:

- Wave 8 Motion to Limit the opinions and testimony of Dr. Klinge (ECF Nos. 34-4, 34-8);
- Wave 1 Order on Dr. Klinge (MDL Dkt. 2642); and
- Wave 4 Order (adopting Wave 1 Order) on Dr. Klinge (MDL Dkt. 6398);

(3) Peggy Pence, Ph.D.

- Wave 8 Motion to Exclude opinions and testimony of Dr. Pence (ECF No. 34-7);
- Wave 1 Order on Dr. Pence (MDL Dkt. 2664); and
- Wave 3 Order (adopting Wave 1 Order) on Dr. Pence (MDL Dkt. 4180);

(4) Dr. Bruce Rosenzweig

- Wave 8 Motion to Exclude opinions and testimony of Dr. Rosenzweig (ECF No. 34-9);
- Wave 1 Order on Dr. Rosenzweig (MDL Dkt. 2668);
- Wave 3 Order (adopting Wave 1 Order) on Dr. Rosenzweig (MDL Dkt. 4186); and
- Wave 7 Order (adopting Wave 1 Order) on Dr. Rosenzweig (MDL Dkt. 6519)

*Plaintiffs' Daubert Motions.* Plaintiffs did not identify their pending *Daubert* motions or where they can be found in the files transferred. Nonetheless, the Court's review of the parties' chart setting forth their joint designations indicates the following *Daubert* motions may be pending for Plaintiffs: (1) Brian J. Flynn, M.D.; (2) Dorothy Kammerer-Doak, M.D.; (3) Teri A. Longacre, M.D.; (4) Shelby Thames; and (5) Timothy Ulatowski. All of such motions adopt prior motion(s) except for one – Dr. Kammerer-Doak. The motion concerning Dr. Kammerer-Doak is a Wave 8 motion (ECF Nos. 34-16, 24-17) but does not state that it adopts any prior motion and the parties' joint designation does not indicate there was any prior motion filed as to her. Further, Plaintiffs did not cite to where in the MDL Docket the orders addressing any of such prior motions concerning Dr. Kammerer-Doak (or any other person) may be found. Thus,

Plaintiffs need to do so, as ordered below.

***Remaining Issues.*** Defendants state the MDL Court reserved ruling on certain issues and objections which are now relevant and ripe for consideration by this Court. Plaintiffs appear to contend to the contrary. The Court's review of the prior MDL Orders shows that in almost all instances where the MDL Court ordered that certain issues were reserved, the MDL Court stated they were reserved for resolution *at trial*. *See, e.g.,* MDL Dkt. 2710 (Wave 1 Order (reserving ruling on Dr. Iakovlev's methodology until it could be evaluated "firsthand at trial")); MDL Dkt. 2642 (Wave 1 Order (reserving ruling on certain issues as to Dr. Klinge's testimony until it may be "probed further at trial")); MDL Dkt. 2664 (Wave 1 Order (reserving ruling until further premarket testimony may be offered and evaluated "firsthand at trial")). In a few instances the MDL Court reserved an issue apparently until a hearing could be held before the trial judge – before or during trial. These instances appear to be related to issues which are state law specific, such as the issue of informed consent the MDL Court discussed in connection with Dr. Pence's testimony (MDL Dkt. 2664, Wave 1 Order at p. 6). As to those issues where the MDL Court did not state they were reserved for trial, the Court may decide to hear them before trial. At this time, however, without the benefit of the MDL Orders which address Plaintiffs' *Daubert* motions, the Court does not know what all of these issues may be.[2] Accordingly, the Court will defer making any determination until it has considered all relevant MDL Orders and will thereafter advise the parties what, if any, issues it will hear before trial.

---

[2] The Court is aware Defendants set forth what they believe should be heard before trial. The Court disagrees in large part because much of what Defendants contend should be heard now the MDL Court specifically found should be resolved at trial.

## III. OTHER ISSUES

***Voluntary Dismissal of Ethicon, LLC.***  In light of Plaintiffs' unopposed voluntary dismissal of defendant Ethicon, LLC from this case (ECF Nos. 16-17), this defendant shall be terminated from this case.

***Prior Counsel for Defendants.***  Three attorneys have formally entered their appearances in this case.  Although other counsel entered their appearances on behalf of Defendants in the MDL case, such counsel have not entered their appearances before this court.  The Court hereby deems all other defense counsel who have appeared in the Ethicon MDL but who have not filed an entry of appearance in this case to be withdrawn as to this remanded case.

## IV. TRIAL READINESS

The parties agree Defendants may take the deposition of consortium Plaintiff Luis Fernando Luna but disagree over (1) a medical examination of Plaintiff and (2) the supplementation of case-specific expert reports based on receipt of updated medical records and/or Plaintiffs' most current medical condition.  In considering this disagreement, the Court notes, in more than passing, the MDL Court stated:  "***Upon transfer, I urge the receiving court to immediately set these cases for trial without reopening discovery.  Further discovery will only result in unjust delay.  Extensive development of these cases over a period of years has made such further action completely unnecessary.***"  (ECF No. 30, p. 1 (emphasis in original).)  Accordingly, to the extent the parties wish to do anything other than take the deposition of Plaintiff Luna, they must seek leave of the court.

The Court hereby sets the following deadlines:  (1) deadline for taking the deposition of Plaintiff Luna – March 31, 2020; and (2) deadline to file any motion seeking any discovery

related relief – February 28, 2020.

V.     **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1) That Counts II, III, IV, VI, VII, VIII, IX, XI, XII, XIII, XIV, and XV are hereby DISMISSED; and that the remaining six (6) counts in this case are Counts I, V, X, XVI, XVII, and XVIII;

2) That Defendants' Motion for Partial Summary Judgment (ECF No. 23) is DENIED AS MOOT;

3) That the following MDL Orders are ADOPTED for the following Wave 8 *Daubert* Motions filed by Defendants:

   a) Motion to Exclude Dr. Vladimir Iakovlev (ECF No. 34-12): Adopting Wave 1 Order (MDL Dkt. 2710) and Wave 4 Order (MDL Dkt. 6388);

   b) Motion to Exclude Dr. Med. Uwe Klinge (ECF No. 34-4): Adopting Wave 1 Order (MDL Dkt. 2642) and Wave 4 Order (MDL Dkt. 6398);

   c) Motion to Exclude Peggy Pence, Ph.D. (ECF No. 34-7): Adopting Wave 1 Order (MDL Dkt. 2664) and Wave 3 Order (MDL Dkt. 4180);

   d) Motion to Exclude Dr. Bruce Rosenzweig (ECF No. 34-9): Adopting Wave I Order (MDL Dkt. 2668), Wave 3 Order (MDL Dkt. 4186), and Wave 7 Order (MDL Dkt. 6519);

4) That the Clerk shall docket the nine MDL Orders referenced in 3) above as separate docket entries, linking them to the motion to which the orders relate;

5) That on or before **February 28, 2020**, Plaintiffs shall file a status report identifying their pending Wave 8 *Daubert* motions (along with any response and reply), identifying the filings in prior Waves which the Wave 8 motions adopt or incorporate, and identifying all relevant MDL Orders which relate to the pending *Daubert* motions;

6) That the Clerk shall terminate Ethicon, LLC as a party to this case;

7) That any counsel who has entered their appearance in the Ethicon MDL case and who has not entered his or her appearance in this court shall be deemed to have withdrawn from representation in this case;

8) That on or before **March 31, 2020**, the parties may take the deposition of Plaintiff Luna; and

9) That any motion seeking any discovery related relief shall filed on or before **February 28, 2020.**

DATED this 13th day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge